1  PAUL R. KIESEL (SBN 119854)
   KIESEL BOUCHER LARSON LLP
2  8648 Wilshire Boulevard
   Beverly Hills, California 90211-2910
3  Telephone: 310/854.4444
   310/854.0812 (fax)
4
   HORWITZ, HORWITZ & PARADIS
5  Attorneys at Law
   PAUL O. PARADIS
6  28 West 44th Street, 16th Floor
   New York, NY 10036
7  Telephone: 212/404-2200
   212/404-2226 (fax)
8
   Lead Counsel For Lead Plaintiff The Rodriguez Group
9

JS-6

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12                    WESTERN DIVISION
13

| | |
|---|---|
| LOUIS GRASSO, individually and on behalf of all others similarly situated, | NO. CV-06-2641-R |
| | No. (CV 06-2639 R (CTx)) |
| Plaintiff, | |
| vs. | <u>CLASS ACTION</u> |
| VITESSE SEMICONDUCTOR CORPORATION, DR. VINCENT CHAN, PH.D., JAMES A. COLE, ALEX DALY, MOSHE GAVRIELOV, JOHN C. LEWIS, DR. LOUIS TOMASETTA, PH.D., YATIN MODY, EUGENE F. HOVANEC and EDWARD ROGAS, JR. and KPMG LLP, | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANT KPMG LLP |
| Defendants. | |

This matter came before the Court for hearing pursuant to the Order of this Court, dated November 17, 2008, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of June 16, 2008 (the "KPMG Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed about the settlement and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. With respect to the capitalized terms set forth herein, the Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice of Defendant KPMG adopts the definitions set forth in the KPMG Stipulation.

2. Any term used herein and not defined should be construed consistent with the definitions set forth in the KPMG Stipulation.

3. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

4. The Court finally certifies, for settlement purposes only, a Class of all Persons who purchased Vitesse Semiconductor Corporation common stock between January 27, 2003 and April 27, 2006, inclusive. Excluded from the Class are Vitesse Semiconductor Corporation (the "Company"), the officers and directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns, and any entity in which the Company has a controlling interest or of which the Company is a parent or subsidiary.

5. With respect to the Class, this Court finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a

1  class action is superior to other available methods for the fair and efficient
2  adjudication of the controversy, considering: (i) the interests of the Members of the
3  Class in individually controlling the prosecution of the separate actions, (ii) the extent
4  and nature of any litigation concerning the controversy already commenced by
5  Members of the Class, (iii) the desirability or undesirability of concentrating the
6  litigation of these claims in this particular forum, and (iv) the difficulties likely to be
7  encountered in the management of the class action.

8      6.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby
9  approves the settlement set forth in the KPMG Stipulation and finds that said
10 settlement is, in all respects, fair, just, reasonable and adequate to, and in the best
11 interests of, the Lead Plaintiff, the Class and each of the Class Members.

12     7.    Except as to any individual claim of those Persons (identified in Exhibit 1
13 hereto) who have validly and timely requested exclusion from the Class, the Litigation
14 and all claims contained therein, as well as all of the Released Claims, are dismissed
15 with prejudice as to the Lead Plaintiffs and the other Members of the Class, as against
16 each and all of the Released Persons.  The Settling Parties are to bear their own costs,
17 except as otherwise provided in the KPMG Stipulation.

18     8.    The Court finds that the Stipulation and settlement are fair, just,
19 reasonable and adequate as to each of the Members of the Class, and that the
20 Stipulation and settlement are hereby finally approved in all respects, and the Settling
21 Parties are hereby directed to perform its terms.

22     9.    By operation of this Judgment and upon the occurrence of the Effective
23 Date, the Lead Plaintiffs shall have, and each of the Class Members shall be deemed
24 to have, and by operation of the Judgment shall have, fully, finally, and forever
25 released, relinquished and discharged all Released Claims against the Released
26 Persons, whether or not such Class Member executes and delivers the Proof of Claim
27 and Release.

28

10. All Class Members are hereby forever barred and enjoined from prosecuting any and all of the Released Claims against any and all of the Released Persons.

11. By operation of this Judgment and upon the occurrence of the Effective Date, Defendant KPMG shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members, Lead Plaintiff, Lead Counsel and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

12. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the KPMG Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

13. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

14. Neither the KPMG Stipulation, nor any of its terms, provisions or Exhibits, nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the KPMG Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil,

criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the KPMG Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the KPMG Settlement Fund, including interest earned thereon; (b) disposition of the KPMG Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the KPMG Stipulation.

16. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In accordance with §21D(f)(7) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(f)(7), each of the Released Persons, by virtue of this Judgment, is discharged from all claims for contribution brought by any Person. This Judgment and bar order constitutes the final discharge of all obligations to the Lead Plaintiff and Class of the Released Persons arising out of the Litigation. This Judgment shall bar all future claims for contribution arising out of the Litigation by any Person against the Released Persons; and by the Released Persons against any Person.

18. In the event that the KPMG Settlement does not become effective in accordance with the terms of the KPMG Stipulation, or the KPMG Stipulation terminates according to its provisions, or in the event that the KPMG Settlement Fund, or any portion thereof, is returned to the Defendant KPMG or their insurers, or this

Judgment does not become Final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void to the extent provided by and in accordance with the KPMG Stipulation.

19. The Court directs entry of final judgment as to all claims against Defendant KPMG based upon the Court's determination that there is no just reason for delay for the entry of such judgment.

IT IS SO ORDERED.

DATED: November 17, 2008 _____

_____
THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

- 5 -